UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH PITTMAN, JR., DIANA PITTMAN,<br><br>    Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO,<br><br>    Defendant. | Civil No. 09-CV-1952-WQH(WVG)<br><br>ORDER FOR DEFENDANT TO PRODUCE PORTIONS OF INTERNAL FILES |

**I.      INTRODUCTION**

Plaintiffs' request for internal San Diego County and Sheriff's Department records is GRANTED in part and DENIED in part. Plaintiffs requested the complete personnel file for Josh Arend, Andy Lopez, Efrain Garcia, and Brad Maxfield. In addition, Plaintiffs requested any and all documents relating to disciplinary actions or citizen or co-worker complaints regarding Arend, Lopez, and Garcia. Plaintiffs specifically requested documents relating to complaints of excessive force and/or racial discrimination or bias regarding these three deputies. Plaintiffs also requested training records. Defendant provided all possible relevant documents for in camera review. Following the in camera review, the Court finds documents Bates numbered Sheriff 001832-Sheriff 001957 to be relevant and not privileged, and ORDERS the documents to be produced to Plaintiffs. All personal identifying information other than names shall be redacted. Plaintiffs' request for personnel records and complaints is DENIED regarding documents BATES Numbered

1 | SHERIFF 000001 - 001831 as these documents are not relevant to any of Plaintiffs' requests or
2 | any claims in the instant lawsuit.

**II.    DISCUSSION**

Under the Federal Rules of Civil Procedure, parties may obtain discovery regarding any matter that is "not privileged" and "relevant to the subject matter involved in the pending action." See Fed. R. Civ. P. 26(b)(1). Furthermore, "[t]he information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Id. A relevant matter is "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Because discovery is designed to define and clarify the issues, it is not limited to only those specific issues raised in the pleadings. Id.

The internal documents concerning the incident from which this lawsuit arises are clearly relevant and within the scope of discovery. These documents reflect Plaintiffs' complaint of excessive force, the names of the deputies involved, witnesses identified, as well as findings and conclusions about the event. Defendants assert the self-critical analysis privilege, deliberative processes privilege, required reports privilege, attorney client privilege, privacy, and other similar objections to protect these relevant documents from discovery. However, the Supreme Court has clarified that because of the federal court's expansive view of discovery, privileges are to be "strictly construed." Univ. of Penn. v. EEOC, 493 U.S. 182, 189 (1990). For the reasons below, none of Defendants' claimed privileges or protections control the outcome of discovery here. Similarly, Defendants' objections on grounds of privacy concerns are also rejected because redaction of any identifying information other than names, protects all privacy interests.

   i.  **Self-Critical Analysis Privilege**

Defendants claim the self-critical analysis privilege to protect the relevant internal affairs investigation documents from discovery. However, the Ninth Circuit does not recognize the privilege of self-critical analysis. Dowling v. Am. Hawaii Cruises, Inc., 971 F.2d 423, 425 (9th Cir. 1992); Union Pac. R. Co. v. Mower, 219 F.3d 1069 (9th Cir. 2000). "The Supreme Court and

1  circuit courts have neither definitively denied the existence of such a privilege, nor accepted it
2  and defined its scope." Dowling, 971 F.2d at 425.  However, even if such a privilege was
3  recognized, it would not apply in this case.  The district courts that have recognized a self-critical
4  analysis privilege have required a party to establish the following elements to avail itself of the
5  privilege: (1) the information must result from a critical self-analysis undertaken by the party
6  seeking protection; (2) the public must have a strong interest in preserving the free flow of the
7  type of information sought; and (3) the information must be of the type whose flow would be
8  curtailed if discovery were allowed.  Dowling, 971 F.2d at 425-426.

9  The Ninth Circuit held in Dowling that the self-critical analysis privilege does not
10 protect routine internal reviews of matters related to safety concerns.  Id. at 427.  The Dowling
11 court also noted that there are many incentives for conducting such reviews.  Analyzing the
12 internal affairs investigation documents using the criteria listed in Dowling, it is clear that the
13 documents are not subject to a self-critical analysis privilege.  Similar to the routine corporate
14 reviews involving safety concerns in Dowling, many incentives exist for the San Diego County
15 Sheriff's Department to conduct internal investigations. These incentives include protecting the
16 safety of the public, the prevention of lawsuits, and supervision of employees.  Such investiga-
17 tions would not be curtailed simply because they may be subjected to discovery.  Defendants
18 have failed to demonstrate how the free flow of the type of information sought would be
19 jeopardized by failing to recognize the privilege.  Furthermore, the requested internal documents
20 contain routine investigative information about the incident.  Both the rationale and prerequi-
21 sites for application of the self-critical analysis privilege are absent. Accordingly, this Court finds
22 that the self-critical analysis privilege does not protect the internal affairs investigation docu-
23 ments in question.

   **ii.**  **Deliberative Process Privilege**

25 Defendants also claim the deliberative process privilege. The deliberative process
26 privilege "permits the government to withhold documents that reflect advisory opinions,
27 recommendations and deliberations comprising a part of a process by which government
28 decisions and policies are formulated." Federal Trade Comm'n v. Warner Commc'ns, Inc., 742

F.2d 1156, 1161 (9th Cir. 1984); see NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 150 (1975).  The ultimate purpose of the privilege is to protect the quality of agency decisions by promoting frank and independent discussion among those responsible for governmental decision-making. Warner Commc'ns, 742 F.2d at 1161; see Sears, Roebuck & Co., 421 U.S. at 151. Even if the deliberative process privilege applies, its protections are qualified.  Warner Commc'ns, 742 F.2d at 1161.  A litigant may obtain discovery of materials protected by the privilege if the need for the materials outweighs the governmental interest in keeping the decision-making process confidential.  Id.  In deciding whether to override the privilege claim and allow discovery, there are four factors to be considered: "(1) the relevance of the evidence; (2) the availability of other evidence; (3) the government's role in the litigation; and (4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions." Id.

   The deliberative process privilege does not apply to the requested documentation because the internal affairs investigation does not reflect discussion among those responsible for governmental decision-making.  Warner Commc'ns, 742 F.2d at 1161; see Sears, Roebuck & Co., 421 U.S. at 151.  Rather, the documentation includes Plaintiffs' complaints, the names of the deputies involved, witnesses identified, along with findings and conclusions regarding the specific incident between Plaintiffs and the deputies.  Even if this Court did find that a deliberative process privilege exists in this case, application of the relevant factors shows that discovery is appropriate.  The documents Bates numbered Sheriff 001832- Sheriff 001957 are clearly relevant because they concern the specific incident listed in Plaintiffs' complaint, the information was generated by the Sheriff's Department and County of San Diego and is not otherwise available to Plaintiffs, and this type of investigation document is routinely generated by Defendant.  Thus, this Court also rejects Defendant's use of the deliberative process privilege.

   **iii.**  **Required Reports Privilege**

   The Ninth Circuit has not expressly recognized the required reports privilege. Moreover, the district courts that have recognized a required reports privilege have noted that, because the privilege is qualified, it can be outweighed by a showing of substantial need.  Wiener v. NEC Electronics, Inc., 848 F.Supp. 124, 129 (N.D. Cal. 1994).  There is a substantial need for

disclosure because the Plaintiffs may not be able to obtain all of the information gathered in the internal affairs investigation regarding the incident in question unless the San Diego County Sheriff's Department turns over the documentation.  Furthermore, this Court has reviewed the file and finds that there is good cause to order release of the documents Bates numbered Sheriff 001832- Sheriff 001957 because they are relevant to the specific incident listed in the complaint.

      iv.    **Attorney Client Privilege or Attorney Work Product Doctrine**

Neither the attorney client privilege nor attorney work product doctrine protect the documents ordered disclosed. The documents are not drafted by or at the direction of an attorney for the purpose of legal advice. Rather, these documents and underlying investigation are drafted and conducted in the normal course of Defendant's operations.

**III.    CONCLUSION**

The Court finds documents Bates numbered Sheriff 001832- Sheriff 001957 to be relevant, not privileged, and ORDERS the report and attached documents to be produced to Plaintiffs.  All personal identifying information other than names shall be redacted. Plaintiffs' request for personnel records and citizen complaints is DENIED regarding documents Bates numbered Sheriff 000001- Sheriff 001832 as these documents are not relevant to any of Plaintiffs' requests or any claims in the instant lawsuit. The Court will destroy the copies submitted for in camera review. Counsel for Defendants must produce the redacted documents to Plaintiffs no later than <u>October 1, 2010</u>.

DATED:  September 17, 2010

                              Hon. William V. Gallo
                              U.S. Magistrate Judge